**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5148**

———————

UNITED STATES OF AMERICA,

                                         Plaintiff - Appellee,

    versus

DIIJON TIMMONS,

                                      Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville. Norman K. Moon, District
Judge. (CR-04-92)

———————

Submitted: May 26, 2006           Decided: June 7, 2006

———————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Charleston, West Virginia, for Appellant. John
L. Brownlee, United States Attorney, Jean B. Hudson, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Diijon Timmons pled guilty to conspiracy to distribute in excess of 1.5 kilograms of cocaine base, 21 U.S.C. § 846 (2000), and using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c) (2000). Timmons was sentenced to 235 months in prison for the drug offense and a consecutive 120-month term for the firearm offense, for an aggregate sentence of 355 months in prison. Timmons now appeals, challenging his sentence as unreasonable. We affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the sentencing range prescribed by the sentencing guidelines, which are now advisory. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are required to consider the correctly calculated guideline range and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. We will affirm a post-Booker sentence if it falls within the statutorily prescribed range and is reasonable. Id. at 546-47. A sentence that falls within the correctly determined guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, __ U.S. __, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474).

Here, the district court sentenced Timmons within the statutorily prescribed ranges, see 21 U.S.C. § 841(b)(1)(A) (2000);

18 U.S.C. § 924(c)(1)(A)(iii), and within the properly calculated guideline range. The court also took note of Timmons' Position Statement Regarding Sentencing, in which Timmons' attorney argued that a 240-month aggregate sentence would be appropriate in light of the sentencing factors set forth at § 3553(a). We therefore conclude that the sentence imposed is reasonable.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED